# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1217V

* * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| LEONARD THOMPSON, | **UNPUBLISHED** |
| Petitioner, | |
| v. | Special Master Katherine E. Oler |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Filed: September 27, 2022 |
| | Interim Attorneys' Fees and Costs |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Michael G. McLaren*, Black, McLaren, Jones, Ryland & Griffee, Memphis, TN, for Petitioner
*Andrew Henning*, U.S. Department of Justice, Washington, DC, for Respondent

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On August 15, 2018, Leonard Thompson ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges that he developed polymyalgia rheumatica ("PMR") "and/or other injuries" as a result of the Prevnar 13 vaccine he received on December 14, 2015. Pet. at 1.

Petitioner filed a Motion for Interim Attorneys' Fees and Costs on April 19, 2022,

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I intend to post this Decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

1

requesting a total of $120,514.85. ECF No. 43 at 1 (hereinafter "Fees App."). Respondent filed a response (hereinafter "Fees Response" or "Fees Resp.") on April 20, 2022, stating that it is within my discretion to award interim attorneys' fees and costs. Fees Resp. at 3, ECF No. 45. Respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Petitioner filed a reply on April 21, 2022 (hereinafter "Fees Reply").

I hereby **GRANT IN PART** Petitioner's application and award a total of **$118,631.15** in interim attorneys' fees and costs.

## I.     Legal Standard

### A.  Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Hum. Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer*, the Federal Circuit noted that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375.  *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d; *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Hum. Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Hum. Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner has brought his petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Hum. Servs*, 105 Fed. Cl. 148 (2012), at 154; *Friedman v. Sec'y of Health & Hum. Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Hum. Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Hum. Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by a petitioner's counsel. *Kirk*, 2009 WL 775396, at *2. Referring to *Avera*, former Chief Special Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees [is] clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id*.

2

### B. Good Faith

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### C. Reasonable Basis

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Hum. Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

While the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286. The Court in *Chuisano* found that a petition which relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney). The Federal Circuit has affirmed that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, No. 2019-1596, 971 F.3d 1337, 1346 (Fed. Cir. 2020) (finding Petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis.").

Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Chuisano*, 116 Fed. Cl. at 291.

The Federal Circuit has stated that reasonable basis "is an objective inquiry" and concluded that "counsel may not use [an] impending statute of limitations deadline to establish a reasonable

3

basis for [appellant's] claim." *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). Further, an impending statute of limitations should not even be one of several factors the special master considers in her reasonable basis analysis. "[T]he Federal Circuit forbade, altogether, the consideration of statutory limitations deadlines—and all conduct of counsel—in determining whether there was a reasonable basis for a claim." *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 289 (2018).

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health & Hum. Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury).

When determining if a reasonable basis exists, many special masters and judges consider a myriad of factors. The factors to be considered may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II. Discussion

### A. Undue Financial Hardship

The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by petitioner's counsel. *Kirk*, 2013 WL 775396, at *2 (finding "the general principle underlying an award of interim fees was clear: avoid working a substantial financial hardship on petitioners and their counsel."). First, Petitioner's attorneys have been "diligently and dutifully working on behalf of Petitioner since [April 2018] and have received no fee payments or expense reimbursements whatsoever to date, a term of nearly five years." Fees App. at 2. Second, Petitioner has retained an expert at substantial cost. *Id.* at 27-28 (showing that Petitioner's expert, Dr. Gershwin, has billed $20,987.50 in this case). Third, Petitioner's counsel has expended time and resources for an entitlement hearing, which "required extensive preparation." *Id.* at 3. The Federal Circuit has noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Avera*, 515 F.3d at 1352 (Fed. Cir. 2008).

I also note that the COVID-19 pandemic has had a significant impact on the United States economy and such impact has been recognized by this court. *See Monge-Landry v. Sec'y of Health*

4

*& Hum. Servs*, No. 14-853V, 2020 WL 4219821 *5 (Fed. Cl. Spec. Mstr. Jun. 30, 2020) (recognizing the COVID-19 pandemic's continued disruption of the airline industry in its calculation of appropriate interim fees).

Given these unprecedented economic circumstances, and the time already spent litigating this case, I find that the Petitioner would suffer undue hardship in the absence of an award of interim attorneys' fees and costs.

### B. Good Faith and Reasonable Basis

Respondent has not raised any specific objection to the good faith or reasonable basis for this claim and leaves such a determination to my discretion. *See* Fees Resp. at 2-3. I find that the petition was filed in good faith.

With regard to reasonable basis, Petitioner submitted two expert reports from Dr. M. Eric Gershwin, who is board certified in internal medicine, allergy and clinical immunology, and rheumatology. *See* Exs. 7, 28. Dr. Gershwin noted that "the etiology and mechanisms that lead to polymyalgia rheumatica remain enigmatic, but it is thought that this syndrome is induced in part by cytokines." Ex.7 at 4. Dr. Gershwin posited that the Prevnar 13 vaccine could have triggered a pro-inflammatory cytokine response that resulted in Petitioner's PMR and noted that Petitioner's "onset with[in] 2-3 days would be consistent with a cytokine driven response." *Id.* at 2-3. This constitutes sufficient evidence to establish a reasonable basis for the claim. As there is no other reason to deny an award of interim attorneys' fees and costs, I will award Petitioner's reasonable fees and costs in this instance.

### C. Attorneys' Fees

Petitioner requests a total of $94,024.90 in attorneys' fees. Fees App. at 1.

1. <u>Reasonable Hourly Rate</u>

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

---

[3] The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%2

Petitioner's counsel, Mr. Michael McLaren, requests a rate of $456.00 per hour for work performed in 2018; $464.00 per hour for work performed in 2019; $484.00 per hour for work performed in 2020 and 2021; and $501.00 per hour for work performed in 2022.

Mr. McLaren also requests compensation for his colleague[4] at Black, McLaren, Jones, Ryland & Griffee ("Black McLaren"): Mr. Chris Webb: $326.00 per hour for work performed in 2018, $338.00 per hour for work performed in 2019, $351.00 per hour for work performed in 2020, $364.00 per hour for work performed in 2021, and $395.00 per hour for work performed in 2022.

Lastly, Mr. McLaren requests rates from $150.00 to $167.00 per hour for paralegal work performed between 2018 and 2022 and $153.00 to $156.00 per hour for law clerk work performed between 2018 and 2022.[5] Fees App. at 12.

This request is consistent with what I and other special masters have previously awarded Mr. McLaren and Black McLaren. *See, e.g., Hejna v. Sec'y of Health & Hum. Servs.,* No. 18-1833V, 2022 WL 3581115, at *2 (Fed. Cl. Spec. Mstr. July 19, 2022); *Pingel v. Sec'y of Health & Hum. Servs.,* No. 17-70V, 2022 WL 2441329, at *2 (Fed. Cl. Spec. Mstr. June 8, 2022); *Akers v. Sec'y of Health & Hum. Servs.,* No. 15-597V, 2022 WL 1863931, at *2 (Fed. Cl. Spec. Mstr. May 6, 2022); *Hull-Crawford v. Sec'y of Health & Hum. Servs.*, No. 20-0364V, 2022 WL 1421460, at *2 (Fed. Cl. Spec. Mstr. Mar. 25, 2022); *Thompson v. Sec'y of Health & Hum. Servs.*, No. 18-1383V, 2020 WL 4673234, at *2 (Fed. Cl. Spec. Mstr. July 7, 2020); *Wang v. Sec'y of Health & Hum. Servs.,* No. 16-1211V, 2020 WL 2500119, at *2 (Fed. Cl. Spec. Mstr. Apr. 20, 2020). Accordingly, I find the requested rates are reasonable and that no adjustment is warranted.

### 2. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993).

---

7%20Forum%20Rate%20Fee%20Schedule%202019.pdf.
The 2020 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202020.PPI_OL.pdf
The 2021 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2021-PPI-OL.pdf
The 2022 Fee Schedule can be accessed at: https://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27-Forum-Rate-Fee-Schedule-2022-%28Final%29.pdf.
The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

[4] The rate chart in Petitioner's motion for interim attorneys' fees also mentions an associate with the initials "WEC," but no individual with these initials appears in the invoices for this matter. Fees App. at 12; Fees App. Ex. 2 at 27.

[5] The rate chart in Petitioner's motion for interim attorneys' fees lists the 2022 rate for law clerk work at $355.00. Fees App. at 12. The invoices reflect a rate of $156.00. Fees App., Ex. 2 at 27. The Court presumes that the $355.00 rate is an error.

In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). Petitioner bears the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable. *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993). However, special masters may reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 318 (Fed. Cl. 2008), *aff'd* No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may look to their experience and judgment to reduce an award of fees and costs to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). It is within a special master's discretion to instead make a global reduction to the total amount of fees requested. *See Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("special masters have wide latitude in determining the reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011), mot. for rev. denied, 2011 WL 6292218, at *13 (Fed. Cl. 2011) (denying review of the special master's decision and endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

3. <u>Clerical and Administrative Time</u>

While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. It is well-established that billing for administrative and clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989).

It appears that a number of line items in the billing records are for tasks that are clerical or administrative. Examples include (but are not limited to):

- June 22, 2018 (0.2 hours): "Open and set up file; update spreadsheet; calendar statute of limitations date"
- July 17, 2018 (0.2 hours): "Receipt of invoice from Dr. Carlos Diola; review invoice charges per Michigan statute for allowable medical records fees; notes to file regarding same; update provider chart; copy of invoice to Sherry Fearon for payment"
- August 15, 2018 (0.1 hours): "Receipt/review, note and save to file receipt for filing fee"
- March 22, 2022 (0.4 hours): "Receipt, save and note expenses incurred by Chris Webb and start drafting reimbursement spreadsheet for trial trip"

These tasks, performed by both attorneys and paralegals, total approximately 8.2 hours, resulting in $1,883.70 in charges. My colleagues and I have advised Petitioner's counsel several times that attorneys' fees for clerical and administrative tasks are not reimbursable in the Program, and we have reduced their requested attorneys' fees accordingly. *See, e.g., Wang v. Sec'y of Health & Hum. Servs.*, No. 16-1211V, 2020 WL 2500119, at *2 (Fed. Cl. Spec. Mstr. Apr. 20, 2020) (reducing the requested attorneys' fees by 5% for administrative and clerical tasks); *Spivey v. Sec'y of Health & Hum. Servs.*, No. 18-959V, 2019 WL 7580151, at *2-3 (Fed. Cl. Spec. Mstr. Dec. 12, 2019) (reducing the requested attorneys' fees by 10% for administrative and clerical tasks); *T.M. v. Sec'y of Health & Hum. Servs.*, No. 17-138V, 2018 WL 7051676, at *3 (Fed. Cl. Spec. Mstr. Dec. 13, 2018) (reducing the requested attorneys' fees by 5% for administrative and clerical tasks).

Accordingly, I find that a reduction in requested attorneys' fees of $1,883.70 is warranted here.

Total attorneys' fees to be awarded: **$92,141.20**

### D. Reasonable Costs

Petitioner requests a total of $26,489.95 in costs, which includes obtaining medical records, the Court's filing fee, Dr. Gershwin's expert fees, counsel's travel expenses, and a speaker phone for Zoom conferences. Fees App., Ex. 2 at 27-28.

Specifically, Petitioner requests $222.10 for medical records requests; $400.00 for the Court's filing fee; $20,987.50 for Dr. Gershwin's expert reports; $4,710.96 for counsel's travel expenses; and $71.33 for a computer adaptor for Zoom conferences. Fees App., Ex. 2 at 27-28. Documentation was provided for the medical record requests, the Court's filing fee, and the computer adaptor, and these will be paid in full.

1. Petitioner's Expert Costs for Dr. Merrill Eric Gershwin

Petitioner requests an hourly rate of $450.00 for 10.25 hours of work and an hourly rate of $500.00 for 32.75 hours of work performed by Dr. Gershwin, for a total of $20,987.50.

Dr. Gershwin received his medical degree from Stanford University in 1971. Ex. 8 at 1. Since 2003, he has held the position of Distinguished Professor of Medicine in the Division of Rheumatology/Allergy and Clinical Immunology at the University of California Davis. *Id.* Dr. Gershwin in board certified in internal medicine, rheumatology, and clinical immunology. *Id.* at 2. Dr. Gershwin has provided a full accounting of the hours he expended preparing and writing two expert reports. Fees App., Ex. 2 at 45-47, 51, 67.

Dr. Gershwin's hourly rate is consistent with what I and other special masters have previously awarded him. *See, e.g., Antalosky v. Sec'y of Health & Hum. Servs.*, No. 16-701V, 2022 WL 363916 (Fed. Cl. Spec. Mstr. Jan. 24, 2022); *Stuart v. Sec'y of Health & Hum. Servs.,* No. 16-940V, 2022 WL 176145 (Fed. Cl. Spec. Mstr. Jan. 5, 2022); *Rogan v. Sec'y of Health & Hum.*

*Servs.*, No. 17-1916V, 2020 WL 5814285 (Fed. Cl. Spec. Mstr. Sept. 4, 2020). I therefore grant Dr. Gershwin's costs in full.

    2. <u>Travel Expenses</u>

Documentation of the majority of counsel's travel expenses was provided, with the exception of two charges for mileage, a tip at a hotel, and two small food items, totaling $45.34. Petitioner's counsel included a hand-written list of these items, but no receipts or other documentation of the expenses. Fees App., Ex. 2 at 44. As these types of expenses are commonly associated with travel and are reasonable, they will be paid in full.

I find that the travel expenses for which counsel provided documentation are also reasonable, and they will be paid in full.

Total costs to be awarded: **$26,489.95**

### III. Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioner's application, as follows:

> A lump sum in the amount of **$118,631.15**, representing reimbursement of Petitioner's interim attorneys' fees and costs in the form of a check jointly payable to Petitioner and his attorney, Mr. Michael McLaren.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[6]

**IT IS SO ORDERED.**

                                                **s/ Katherine E. Oler**
                                                Katherine E. Oler
                                                Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.