# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1217V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

LEONARD THOMPSON,

              Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

              Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Special Master Katherine E. Oler

Filed: July 18, 2024

*Michael G. McLaren*, Black McLaren, et al., Memphis, TN, for Petitioner
*Alexis Babcock*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 15, 2018, Leonard Thompson ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges that he developed polymyalgia rheumatica ("PMR") "and/or other injuries" as a result of the Prevnar 13 vaccine he received on December 14, 2015. Pet. at 1. On March 21, 2022, I held an Entitlement Hearing and upon review of the evidence I issued a decision dismissing the petition. ECF No. 60).

On February 27, 2024, Petitioner filed an application for final attorneys' fees and costs. (ECF No. 64). ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $32,865.90, representing $28,946.00 in attorneys' fees and $3,919.90 in attorneys' costs. Fee App. at 1. Pursuant to General Order No. 9, Petitioner has indicated that he personally has not incurred any

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

1

costs related to the prosecution of his petition. *Id.* at Ex. 3. Respondent responded to the motion on February 27, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3. (ECF No. 66). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

I.      **Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, although the petition was eventually dismissed, I am satisfied that the good faith and reasonable basis standards have been met in this case. Respondent has also indicated in his response to Petitioner's motion that he is satisfied good faith and reasonable basis have been met. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

a.  **Reasonable Hourly Rates**

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent

years.[3]

Petitioner requests the following rates for his attorneys at Black McLaren, et al., P.C.: for Mr. Michael G. McLaren $501.00 per hour for work performed in 2022; for Mr. William E. Cochran, Jr.: $435.00 per hour for work performed in 2022 and $450.00 per hour for work performed in 2023; for Mr. Chris J. Webb: $395.00 per hour for work performed in 2022, $410.00 per hour for work performed in 2023, and $435.00 per hour for work performed in 2024. This request is consistent with what I and other special masters have previously awarded Mr. McLaren and Black McLaren. *See, e.g., Mehl v. Sec'y of Health & Hum. Servs.*, No. 17-923V, 2024 WL 1509155, at *4 (Fed. Cl. Spec. Mstr. Mar. 13, 2024)*; Pachucki v. Sec'y of Health & Hum. Servs.*, No. 21-1591V, 2023 WL 7496096, at *2 (Fed. Cl. Spec. Mstr. Oct. 10, 2023); *Gravens v. Sec'y of Health & Hum. Servs.*, No. 20-416V, 2023 WL 5666167, at *5 (Fed. Cl. Spec. Mstr. July 31, 2023)*. Accordingly, I find the requested rates are reasonable and that no adjustment is warranted. I shall also award the requested paralegal time at the provided rates.[4]

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable. Accordingly, Petitioner is awarded final attorneys' fees in the amount of $28,946.00.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable.

---

[3] The 2022 Fee Schedule can be accessed at: https://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27-Forum-Rate-Fee-Schedule-2022-%28Final%29.pdf.
The 2023 Fee Schedule can be accessed at: https://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2023.pdf
The 2024 Fee Schedule can be accessed at: https://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2024.pdf
The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

[4] The rates for the paralegals who worked on this matter are also consistent with what has been previously awarded and in accordance with the Office of Special Masters' fee schedule. Ms. Sarah A. McCullar billed $167.00 in 2022. Ms. Sarah L. Clarke billed $167.00 in 2022 and $183.00 in 2024.

*Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $3,919.90 in attorneys' costs: $3,125.00 for expert costs, $749.00 for trial transcript, and $45.90 for photocopies and PACER services fees. Fees App. at 20. Petitioner provided documentation of the expert costs, trial transcript, and photocopies and PACER services fees. I find the costs for these items reasonable, and award them in full. I discuss the costs for Petitioner's experts below.

       1.  <u>Petitioner's Expert Costs for M. Eric Gershwin, M.D.</u>

Petitioner requests $3,125.00 for work performed by Dr. Eric Gershwin. Fees App. at 20, 22-24. He requests an hourly rate of $500.00 for 6.25 hours of work he performed from 2022-2023, which included discussing and providing his expert opinion on closing briefs. *Id.* Dr. Gershwin has previously been awarded his requested hourly rate. *See, e.g.*, *Thornton v. Sec'y of Health & Hum. Servs.*, No. 18-1002V, 2024 WL 3326051, at *2 (Fed. Cl. Spec. Mstr. June 13, 2024); *Mehl v. Sec'y of Health & Hum. Servs.*, No. 17-923V, 2024 WL 1509155, at *5 (Fed. Cl. Spec. Mstr. Mar. 13, 2024). The hours performed by Dr. Gershwin seem reasonable, thus I award his requested expert costs in full.

       2.  <u>Miscellaneous costs</u>

Petitioner requests $794.90 in miscellaneous costs. This amount is comprised of transcript costs, photocopies, and PACER services fees. Fees App. at 20-21. Petitioner has provided adequate documentation supporting all requested costs and Respondent also has not identified any specific costs as objectionable. Accordingly, I find these costs to be reasonable and shall fully reimburse them.

I award Petitioner a total of **$3,919.90** in attorneys' costs.

## II. Conclusion

Accordingly, I **GRANT** Petitioner's application, as follows:

- A lump sum in the amount of $32,865.90 representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's attorney, Mr. Michael McLaren.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

**IT IS SO ORDERED.**

**/s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.